This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.
 Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum
 opinions. Please also note that this electronic memorandum opinion may contain
 computer-generated errors or other deviations from the official paper version filed by the Court of
 Appeals and does not include the filing date.

 1 IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

 2 DONA ANA COUNTY,

 3 Petitioner-Appellant,

 4 v. No. 36,288

 5 THE COMMUNICATION
 6 WORKERS OF AMERICA,
 7 LOCAL 7911,

 8 Respondent-Appellee.

 9 APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
10 Manuel L. Arrieta, District Judge

11 Holcomb Law Office
12 Dina E. Holcomb
13 Albuquerque, NM

14 for Appellant

15 Youtz & Valdez, P.C.
16 Shane Youtz
17 Stephen Curtice
18 James A. Montalbano
19 Albuquerque, NM

20 for Appellee

21 MEMORANDUM OPINION
 1 GARCIA, Judge.

 2 {1} The County has appealed from the confirmation of an arbitration award. We

 3 previously issued a notice of proposed summary disposition, proposing to affirm. The

 4 County has filed a memorandum in opposition, and the Union has filed a

 5 memorandum in support. After due consideration, we adhere to our initial assessment.

 6 We therefore affirm.

 7 {2} The County has raised three issues, variously challenging the arbitrator’s

 8 decision on grounds that it is unsupported, contrary to law, and/or in excess of the

 9 arbitrator’s powers. [DS 5-6; MIO 4-15]

10 {3} In the calendar notice we observed that it is not entirely clear whether the

11 appeal should be said to entail review of compulsory or voluntary arbitration

12 proceedings. [CN 2-3] However, we observed that given the district court’s explicit

13 adoption of the heightened standard advocated by the County, [RP 757] it did not

14 appear to be strictly necessary to conclusively resolve that question. [CN 3]

15 {4} In its memorandum in opposition the County contends that the district court

16 “strayed from the standard” [MIO 5] that it purported to apply, by proceeding on the

17 misapprehension that the parties were bound by the arbitrator’s legal and factual

18 findings and by relying on authorities in which a different standard of review was

19 applied. [MIO 5-6] We are unpersuaded.

 2
 1 {5} The district court’s decision reflects that it was well aware of the different

 2 standards of review, and it clearly applied the heightened standard set forth in Board

 3 of Education of Carlsbad Municipal Schools. v. Harrell, 1994-NMSC-096, ¶¶ 25, 51,

 4 118 N.M. 470, 882 P.2d 511 (providing that compulsory arbitration must comport

 5 with due process, which entails “a decision based on the record with a statement of

 6 reasons for the decision[,]” and holding that “the scope of review constitutionally

 7 required for compulsory arbitration . . . requires a determination whether the . . .

 8 decision is arbitrary, unlawful, unreasonable, capricious, or not based on substantial

 9 evidence” (internal quotation marks and citations omitted)). [RP 756-57] The district

10 court’s analysis does not reflect any presupposition that the parties were bound by the

11 legal or factual findings, and its discussion of the various published authorities,

12 including State v. American Federation of State, County, & Municipal Employees,

13 Council 18, 2012-NMCA-114, 291 P.3d 600, recognized the distinguishing and

14 limiting features of each case. [RP 758-60] We therefore reject the County’s

15 suggestion that the district court failed to apply the standard that it explicitly adopted.

16 {6} Turning to the merits, the County continues to argue that the arbitrator’s

17 decision was unsupported. [MIO 6-7] We do not understand the County to contend

18 that the arbitrator’s lengthy and comprehensive decision was not based on the record

19 or lacked a statement of reasons, but rather, that it was unsupported by substantial

 3
 1 evidence when the whole record is taken into consideration. [MIO 6-7] However, as

 2 we previously observed, [CN 3] the record before us reflects that the arbitrator did in

 3 fact consider the evidence with care. [RP 3-86] Although the County contends that the

 4 arbitrator “ignored” some of the conflicting evidence that was presented, [MIO 6-7]

 5 the more reasonable inference is that the arbitrator deemed that evidence less

 6 compelling. See generally Tom Growney Equip. Co. v. Jouett, 2005-NMSC-015, ¶ 13,

 7 137 N.M. 497, 113 P.3d 320 (“Where the testimony is conflicting, the issue on appeal

 8 is not whether there is evidence to support a contrary result, but rather whether the

 9 evidence supports the findings of the trier of fact.”(internal quotation marks and

10 citation omitted)).

11 {7} The County also renews its argument that the arbitrator and the district court

12 failed to recognize that the award is contrary to law, insofar as it will require re-

13 appropriation of funds. [MIO 7-15] However, as we previously observed [CN 4] and

14 as the County acknowledges, [MIO 13] the underlying evidence on this point was

15 conflicting. We perceive no basis for disturbing the resolution of that conflict on

16 appeal. See id.

17 {8} The County takes issue with the arbitrator’s election to take into consideration

18 funding associated with both a gross receipts tax resolution and a subsequent

19 supplemental resolution. [MIO 10, 13-15] We understand the County to argue that the

 4
 1 gross receipts tax monies, a stated portion of which was explicitly earmarked for

 2 “salaries and equipment,” [RP 765] should not be regarded as a specific appropriation.

 3 [MIO 14] However, in light of the clear reference to “salaries,” we perceive no basis

 4 for reversal. We also understand the County to continue to challenge the projected

 5 revenue associated with gross receipts tax resolution. [MIO 14] Again, we cannot re-

 6 weigh the conflicting evidence on this point. See id. Ultimately, insofar as evidence

 7 was presented that sufficient funds had in fact been appropriated to accommodate the

 8 Union’s last best offer, the award is not contrary to law. See, e.g., AFSCME, Council

 9 18, 2012-NMCA-114, ¶¶ 20-32 (rejecting a series of arguments that an arbitrator had

10 exceeded his authority by selecting a last, best offer which would allegedly require

11 further appropriation or re-appropriation of funds, where the arbitrator in fact

12 determined that sufficient funds had been appropriated to meet the relevant

13 obligations).

14 {9} The County further argues that the inclusion of permissive subjects of

15 bargaining and one or more allegedly illegal subjects should have rendered the

16 Union’s last best offer invalid, such that the arbitrator was precluded from making an

17 award on that basis. [MIO 15] However, the County fails to explain why the savings

18 clause should be regarded as inadequate to rectify the alleged illegalities. [CN 4; MIO

19 15] We therefore remain unpersuaded that the award is contrary to law.

 5
1 {10} In light of the foregoing, we deem it unnecessary to address the County’s third

2 issue, advanced pursuant to the alternative standard of review. [MIO 15]

3 {11} Accordingly, for the reasons stated in our notice of proposed summary

4 disposition and above, we affirm.

5 {12} IT IS SO ORDERED.

6 ________________________________
7 TIMOTHY L. GARCIA, Judge

8 WE CONCUR:

 9 _______________________________
10 J. MILES HANISEE, Judge

11 _______________________________
12 STEPHEN G. FRENCH, Judge

 6